**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTIONE TRAYVON CISCO, | No. 2:20-CV-2138-TLN-DMC-P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOHNSON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Respondent's unopposed motion to dismiss the petition as untimely. See ECF No. 12.

**I. BACKGROUND**

Petitioner was convicted of robbery in concert, kidnapping for the purposes of extortion, and kidnapping for the purposes of robbery. See ECF No. 13-1. He was sentenced to a determinate prison term of 116 years 8 months and an indeterminate term of 63 years to life. See id.; see also ECF No. 13-2, pg. 1. The California Court of Appeal affirmed the conviction and sentence. See ECF No. 13-2. The California Supreme Court declined direct review without comment or citation on April 17, 2019. See ECF No. 13-4. Petitioner did not seek any post=-conviction relief in state court.

1

## II. DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1). Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2).

Here, Petitioner did not seek certiorari in the United States Supreme Court following the conclusion of state court proceedings on direct review and Petitioner did not file any post-conviction actions in state court. Therefore, the one-year limitations period began to run on July 17, 2019, the date which is 91 days after the California Supreme Court declined direct review on April 17, 2019. Petitioner is not entitled to any statutory tolling for state court post-conviction actions because none was filed in this case. Thus, Petitioner's federal petition was due on or before July 16, 2020. Because Petitioner's federal petition was filed in October 2020, it is untimely.

///
///
///
///
///
///

2

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 12, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 11, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3