IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTIONE TRAYVON CISCO, | No. 2:20-cv-02138-TLN-DMC |
| Petitioner, | |
| v. | **ORDER** |
| JOHNSON, | |
| Respondent. | |

Petitioner Antione Trayvon Cisco ("Petitioner"), a state prisoner, brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 12, 2021, the Magistrate Judge filed findings and recommendations herein which were served on the parties and which contained notice that the parties may file objections within the time specified therein. (ECF No. 14.) On March 25, 2021, Petitioner filed Objections to the Findings and Recommendations (ECF No. 16), which have been considered by the Court.

On April 14, 2012, Respondent filed a Request for Leave to File Late Response to Petitioner's Objections to Findings and Recommendations. (ECF Nos. 18, 19.) Upon review of Respondent's request and supporting declaration, and good cause appearing, Respondent's Request is GRANTED.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this

1

Court has conducted a *de novo* review of this case. *See McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). Having reviewed the file under the applicable legal standards, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

In his Objections, Petitioner argues he is entitled to equitable tolling based on unspecified "circumstances of lack of counsel and the COVID pandemic." (*See generally* ECF No. 16.) This argument is unavailing. In addition to this statutory tolling provision, the one-year statute of limitations is also subject to the doctrine of equitable tolling. *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (citing *Holland v. Florida*, 560 U.S. 631, 634 (2010)). "A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* (citations omitted). Here, even providing the COVID pandemic constitutes an "extraordinary circumstance," Petitioner he fails to establish how the pandemic specifically prevented timely filing in his case. Indeed, the statute of limitations began running nearly eight months before the pandemic began, but Petitioner fails to explain how he acted diligently during this time. Therefore, Petitioner's objections are overruled.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the Court has considered whether to issue a certificate of appealability. Before Petitioner can appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. *See* Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)). For the reasons set forth in the Findings and Recommendations (ECF No. 14), the Court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Request for Leave to File Late Response to Petitioner's Objections to Findings and Recommendations (ECF No. 18) is GRANTED;

2. The Findings and Recommendations filed March 12, 2021 (ECF No. 14), are ADOPTED IN FULL;

3. Respondent's unopposed Motion to Dismiss (ECF No. 12) is GRANTED;

4. The Court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: May 3, 2021

Troy L. Nunley
United States District Judge